Case 4:26-cv-00406   Document 17   Filed 03/12/26 in TXSD   Page 1 of 3
United States District Court
Southern District of Texas
**ENTERED**
March 13, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JEISON ALDAIR MORENO-MEDINA,** § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | **CIVIL ACTION NO. 4:26-cv-0406** |
| § | |
| **BRET BRADFORD,** *et al.*, § | |
| § | |
| Respondents. § | |

## ORDER

Before the Court is Petitioner Jeison Aldair Moreno-Medina's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C § 2241 (ECF No. 1, "Petition") and Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative, Motion for Summary Judgment (ECF No. 5, "Motion for Summary Judgment"). At a hearing following the Fifth Circuit's decision in *Buenrostro v. Bondi*, No. 25- 20496, ---- F.4th ---- 2026 WL 323330 (5th Cir. Feb. 6, 2026), the Court ordered supplemental briefing from Parties on both the application of procedural due process to Petitioner's continued detention and the circumstances of Petitioner's re-arrest. ECF No. 13. Those supplemental briefs are also before the Court. *See* ECF Nos. 14, 15. For the reasons that follow, the Court now **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

### I. BACKGROUND

Respondents did not dispute the following facts. Petitioner is a citizen of Venezuela who entered the United States without inspection in 2022. ECF No. 1 at 2; ECF No. 5 at 2. At some point following his entry, Petitioner was taken into immigration custody. *See id.* Immigration

authorities then released Petitioner on his own recognizance subject to certain conditions, including reporting requirements with Immigrations and Customs Enforcement (ICE). *See* ECF No. 1 – Ex. 3. Petitioner subsequently applied for asylum. ECF No. 1 at 3. He also applied for, and received, Temporary Protected Status ("TPS"). *Id.* Secretary of Homeland Security Kristi Noem purported to terminate TPS status for Venezuelans last year. *See id.* at 11-12. Litigation regarding the lawfulness of that termination is ongoing.

While released, Petitioner complied with all conditions of his release. ECF No. 1 at 16. Nonetheless, Respondents re-detained Petitioner in January of 2026. ECF No. 1 at 2. He remains in custody. The Government's position is that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2).

## II.   ANALYSIS

Petitioner argues that his re-detention violates the Due Process Clause of the Fifth Amendment. Because the Court agrees that Petitioner's re-detention violates his procedural due process rights, it declines to address the other reasons why Petitioner believes his detention is unlawful.

The Court recently addressed a highly similar set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ---, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.) and *Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026) (Ellison, J.). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. See *Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6. The Court also

previously rejected Respondents' arguments concerning *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). *See Alvarez Rico*, 2026 WL 522322 at *3-4. The Court sees no reason to reach a different result in this case. It therefore concludes that Petitioner's re-detention violated his Fifth Amendment right to procedural due process.

### III.     RELIEF

The Court therefore **ORDERS** that Petitioner be released from custody within 48 hours pursuant to the terms of his prior release order as outlined in ECF No. 1 – Ex. 3. Petitioner shall be released in a public place within the Southern District of Texas, and his counsel shall be given notice of the time and place of his release. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community or has violated the conditions of his release. Respondents similarly may not subject Petitioner to additional conditions of release without showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court on or before March 17, 2026, informing the Court of the status of Petitioner's release.

Signed at Houston, Texas on March 12, 2026.

Keith P. Ellison
United States District Judge